STATE OF MAINE                          SUPERIOR COURT
ANDROSCOGGIN, ss


K.F. *obo* B.F.,                    )
          *Plaintiff,*             )
                                   )
     v.                            )
                                   )       **DOCKET NO. CV-20-112**
Pine Tree Academy *and*            )
Northern New England Conference    )
of Seventh-Day Adventists, Inc.,   )
          *Defendants.*            )
_____

**State of Maine**                 )
          *Plaintiff,*             )
                                   )
     v.                            )       **DOCKET NO. CD-CR-18-3506**
                                   )
Derek Boyce,                       )
          *Defendant.*             )

This matter comes before the court in the above-captioned criminal matter on the motion of Pine Tree Academy [PTA] and Northern New England Conference of Seventh-Day Adventists, Inc. [NNECSDA] for disclosure of an interview of B.F., the minor victim in this sexual assault case. The interview was conducted by the Child Advocacy Center established pursuant to 22 M.R.S. § 4019. PTA and NNECSDA are alleged to be Boyce' employer at the time of the events, and the civil suit seeks to hold them liable for his acts. When PTA and NNECSDA filed the motion for disclosure, they had been served with a notice of claim by the minor victim but no complaint had been filed in court. Since then, the complaint has been filed and PTA and NNECSDA have answered. The parties agreed at oral argument that the order of the court should be entered as a discovery order in the civil case.

The interview occurred very shortly after discovery of the acts which gave rise to the criminal case and in that sense cannot be duplicated. There is little question that the interview is

1

relevant and would otherwise be discoverable but for statutory provisions which the State and

B.F. argue make the interview confidential. Specifically, the statute governing Child Advocacy

Centers states as follows:

> 9. Confidential Records. The files, reports, records, communications and working papers used or developed in providing services under this section are confidential and are not public records for purposes of Title 1, chapter 13, subchapter 1. Information may be disclosed only to the following in order for them to carry out their duties:
>> A. The department, department employees, law enforcement agencies, prosecuting attorneys, medical professionals and other state agencies that provide services to children and families;
>> B. The attorney for a child who is the subject of confidential records; and
>> C. A guardian ad litem appointed under section 4005 for a child who is the subject of confidential records.

22 M.R.S. § 4019(9). There can be no question that PTA and NNECSDA do not qualify as any

of the entities or individuals listed to whom disclosure is authorized. On its face, therefore, the

statute bars disclosure of the CAC interview to PTA and NNECSDA.

PTA and NNECSDA point out that the minor has now put her condition at issue by

bringing the civil suit, and thus the privilege in § 4019(9) is waived. *See* M.R. Evid. 503(e)(3).

A significant difference from the privilege waiver codified in Rule 503, however, is that B.F. and

other minors interviewed by a CAC are not voluntarily seeking treatment from the CAC, and the

statutory privilege is not necessarily the child's to waive. Rather, there are policy reasons

protecting those interviews from disclosure regardless of the minor's views or actions.

PTA and NNECSDA rely on a Vermont criminal case, which noted that "when the

patient declares his or her willingness to disclose privileged information outside of the protected

relationship, the public policy reasons for nondisclosure are greatly weakened", and "by filing a

civil claim for damages for emotional distress, her claim to privacy is diminished by her

demonstrated willingness to openly discuss at least some of the contents of her mental health

2

records in pursuit of money damages." *State v. Rehkop*, 180 Vt. 228, 238, 2006 VT 72, ¶28, 908 A.2d 488, 497. As a result, the court ordered disclosure of records of the victim that were otherwise privileged to the criminal defendant. This case is not analogous, however, because there was no statutory equivalent to 22 M.R.S. § 4019(9) in play. Rather, the issue was essentially the issue regularly presented to our courts under M.R.U. Crim. P. 17A(f), whether to order disclosure of victim records in criminal cases. In other words, although the observations of the *Rehkop* court are generally persuasive, it simply does not overcome the statutory confidentiality in 22 M.R.S. § 4019(9).

For these reasons, the motion of PTA and NNECSDA to order disclosure of the CAC interview of B.F. is denied.

This order may be incorporated on the dockets of both cases by reference.

Dated:_____11/12/20_____

Valerie Stanfill
Justice, Maine Superior Court

3